IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL TEED,** | : CIVIL ACTION NO. 1:22-CV-1568 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN, LOW SECURITY CORRECTIONAL INSTITUTION, ALLENWOOD,** | : |
| Respondent | : |

### **MEMORANDUM**

Petitioner Daniel Teed ("Teed"), an inmate currently incarcerated at the Federal Correctional Institution, Allenwood, Low, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Teed seeks an order directing the Bureau of Prisons ("BOP") to deem him eligible for earned time credits ("ETC") pursuant to the First Step Act ("FSA") during the time he was serving his first sentence. (Id. at 8). For the reasons set forth below, the court will deny the habeas petition.

**I.      Factual Background**

Teed is serving an aggregate one hundred thirty-eight (138) month term of imprisonment imposed by the United States District Court for the Western District of Pennsylvania for conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594(c), failure to register as a sex offender in violation of 18 U.S.C. § 2250, and failure to surrender for service of a sentence in violation of 18 U.S.C. §

3146(a)(2). (Doc. 6-1 at 4-7). Teed's projected release date is November 29, 2027, via good conduct time release. (Id.)

Respondent submitted the Declaration of Jennifer Knepper, BOP Attorney Advisor, wherein she states that Teed was reviewed and found ineligible for earned time credits under the FSA on November 12, 2019. (Doc. 6-1 at 3 ¶ 5; Doc. 6-1 at 16-17).

In his § 2241 petition, Teed asserts that the BOP improperly deemed him ineligible for earned time credits. (Doc. 1). Respondent contends that Teed's § 2241 petition must be denied because he is not eligible for earned time credits under the First Step Act. (Doc. 6). The petition is ripe for resolution.

**II.   Discussion**

The FSA allows eligible inmates who successfully complete "Evidence Based Recidivism Reduction" ("EBRR") programs or "Productive Activities" ("PAs") to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. See id. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See id. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits. See id. § 3632(d)(4)(D). If FSA time credits are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. See id. § 3624(g)(1); see also 28 C.F.R. § 523.44(b), (c).

Respondent asserts that Teed is ineligible for earned time credits under the FSA because he has been convicted of a disqualifying offense listed in Section 3632(d)(4)(D). 18 U.S.C. § 3632(d)(4)(D) provides that: "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: … Section 2250, relating to failure to register as a sex offender." 18 U.S.C. § 3632(d)(4)(D)(xxxviii). It is undisputed that Teed was convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250. However, Teed argues that he is not yet serving a

3

sentence for his conviction under 18 U.S.C. § 2250.  (Doc. 1 at 16-18, 20).  He asserts that he is presently serving a sentence for his conviction of conspiracy to commit sex trafficking of a minor under 18 U.S.C. § 1594(c), and that his 18 U.S.C. § 2250 sentence was ordered to run consecutively.  (Id.)  Teed therefore claims that he is eligible for earned time credits under the FSA for his 18 U.S.C. § 1594(c) conviction.

Teed's assertion lacks merit.  Consecutive "terms of imprisonment…shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).  Thus, multiple sentences shall be aggregated to form a single sentence for computation purposes.  In Chambers v. Warden Lewisburg USP, 852 F. App'x 648 (3d Cir. 2021) (nonprecedential)[1], the United States Court of Appeals for the Third Circuit considered whether the sentences for petitioner's convictions should have been aggregated for purposes of calculating a projected release date and whether the BOP should have awarded petitioner extra good-time credits under the First Step Act.  The Third Circuit determined that "[t]he BOP was permitted to aggregate [petitioner's] otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating GTC under 18 U.S.C. § 3624."  Id. at 650 (citing 18 U.S.C. § 3584(c); United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020)).

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

Applying these principles here, the court finds that the BOP properly aggregated Teed's sentences into one sentence for administrative purposes and found that he is ineligible for earned timed credits under the FSA based on his disqualifying offense. The BOP's final rule clearly states: "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2). Because Teed was convicted of an offense enumerated in 18 U.S.C. § 3632(d)(4)(D) and his sentences were aggregated to form a single sentence for administrative purposes, the BOP properly deemed him ineligible for earned time credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D)(xxxviii). Thus, we cannot grant Teed the relief he seeks.

### III.  Conclusion

We will deny Teed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: November 28, 2022