IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL TEED,** | : CIVIL ACTION NO. 1:22-CV-1568 |
| Petitioner | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **WARDEN, LOW SECURITY** | : |
| **CORRECTIONAL INSTITUTION,** | : |
| **ALLENWOOD,** | : |
| | : |
| Respondent | : |

## MEMORANDUM

Petitioner Daniel Teed ("Teed"), an inmate confined at the Federal Correctional Institution, Allenwood, Low, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Teed seeks an order directing the Bureau of Prisons ("BOP") to deem him eligible for earned time credits pursuant to the First Step Act ("FSA") during the time he was serving his first sentence.  (Id. at 8).  On November 7, 2022, respondent filed a response and argued that Teed's § 2241 petition must be denied because he is not eligible for earned time credits under the FSA.  (Doc. 6). Teed's reply was due on November 21, 2022.  Teed did not file a reply; therefore, on November 28, 2022, the court issued a memorandum and order denying the habeas petition.  (Docs. 8, 9).  On the same day the court issued its memorandum and order, Teed's reply was received and docketed by the Clerk of Court.  (Doc. 7).

On December 13, 2022, Teed filed a motion pursuant to Federal Rule of Civil Procedure 59(e) contending that the court issued its November 28, 2022 decision

before considering his traverse. (Doc. 10). Teed also filed a Notice of Appeal on January 27, 2023, which has been docketed in the United States Court of Appeals for the Third Circuit at Docket Number 23-1181. (Docs. 13, 15; Teed v. Warden Allenwood FCI Low, No. 23-1181 (3d Cir.)). On February 1, 2023, the Third Circuit issued an order staying the appeal pending this court's disposition of Teed's Rule 59(e) motion. Teed, No. 23-1181, Doc. 3. While there is nothing in the traverse that alters our prior determination denying the habeas petition, we vacate the prior memorandum and order (Docs. 8, 9) and issue this memorandum and attendant order to reflect consideration of Teed's submission. We also deny Teed's Rule 59(e) motion as he has not presented the court with changes in controlling law, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. See FED. R. CIV. P. 59(e); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

## I. Factual Background

Teed is serving an aggregate one hundred thirty-eight (138) month term of imprisonment imposed by the United States District Court for the Western District of Pennsylvania for conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594(c), failure to register as a sex offender in violation of 18 U.S.C. § 2250, and failure to surrender for service of a sentence in violation of 18 U.S.C. § 3146(a)(2). (Doc. 6-1 at 4-7). Teed's projected release date is November 29, 2027, via good conduct time release. (Id.)

Respondent submitted the Declaration of Jennifer Knepper, BOP Attorney Advisor, wherein she states that Teed was reviewed and found ineligible for earned

time credits under the FSA on November 12, 2019. (Doc. 6-1 at 3 ¶ 5; Doc. 6-1 at 16-17).

In his § 2241 petition, Teed asserts that the BOP violated his due process rights by improperly deeming him ineligible for earned time credits under the FSA. (Doc. 1; see also Doc. 7). Essentially, Teed argues that his sentences for different offenses should be treated in a bifurcated manner for FSA eligibility purposes. For relief, Teed requests that the court order the BOP to deem him eligible for earned time credits under the FSA during the time he was serving his first sentence, to apply these earned time credits to his sentence, and to deem the provisions of 18 U.S.C. § 3632(d)(4)(D) unconstitutional. (Doc. 1 at 8; Doc. 7 at 6). Respondent contends that Teed's § 2241 petition must be denied because he is not eligible for earned time credits under the FSA. (Doc. 6).

## II. Discussion

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. See id. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See id. § 3632(d)(4)(A)(ii).

3

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits. See id. § 3632(d)(4)(D). If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System[1] to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. See id. § 3624(g)(1); see also 28 C.F.R. § 523.44(b), (c).

---

[1] Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System (the "System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate evidence-based recidivism reduction programs or productive activities; (6) determining when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities; (7) determining when the inmate is ready to transfer to pre-release custody or supervised release; and (8) determining the appropriate use of audio technology for program course materials with an understanding of dyslexia. See id. § 3632(a).

Respondent asserts that Teed is ineligible for earned time credits under the FSA because he has been convicted of a disqualifying offense listed in Section 3632(d)(4)(D).  18 U.S.C. § 3632(d)(4)(D) provides that: "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: … Section 2250, relating to failure to register as a sex offender."  18 U.S.C. § 3632(d)(4)(D)(xxxviii).  It is undisputed that Teed was convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250.  However, Teed raises an issue of statutory construction.  He argues that he is not yet "serving" a sentence for his conviction under 18 U.S.C. § 2250.  (Doc. 1 at 16-18, 20; Doc. 7 at 2).  He asserts that he is presently serving a sentence for his conviction of conspiracy to commit sex trafficking of a minor under 18 U.S.C. § 1594(c), and that his 18 U.S.C. § 2250 sentence was ordered to run consecutively.  (Id.)  Teed therefore claims that he is eligible for earned time credits under the FSA for his 18 U.S.C. § 1594(c) conviction.

Teed's assertion lacks merit.  The relevant statutory provision is 18 U.S.C. § 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively … shall be treated for administrative purposes as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c).  Thus, multiple sentences shall be aggregated to form a single sentence for computation purposes.  In Chambers v. Warden Lewisburg USP, 852 F. App'x 648 (3d Cir. 2021) (nonprecedential)[2], the

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

United States Court of Appeals for the Third Circuit considered whether the sentences for petitioner's convictions should have been aggregated for purposes of calculating a projected release date and whether the BOP should have awarded petitioner extra good-time credits under the FSA.  The Third Circuit determined that "[t]he BOP was permitted to aggregate [petitioner's] otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating [good time credits] under 18 U.S.C. § 3624."  Id. at 650 (citing 18 U.S.C. § 3584(c); United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020)).

Applying these principles here, the court finds that the BOP properly aggregated Teed's sentences into one sentence for administrative purposes and found that he is ineligible for earned timed credits under the FSA based on his disqualifying offense.  This conclusion is bolstered by the relevant regulations, which plainly state that: "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."  28 C.F.R. § 523.41(d)(2).  Because Teed was convicted of an offense enumerated in 18 U.S.C. § 3632(d)(4)(D) and his sentences were aggregated to form a single sentence for administrative purposes, the BOP properly deemed him ineligible for earned time credits under the FSA.  See 18 U.S.C. §

3632(d)(4)(D)(xxxviii). Thus, he is statutorily ineligible to receive earned time credits under the FSA and his § 2241 petition must be denied.[3]

### III.  Conclusion

We will deny Teed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     February 3, 2023

---

[3] Insofar as Teed challenges the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D), the court finds the BOP's interpretation of the statute to be reasonable in light of other statutory obligations imposed upon the BOP. As stated, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Courts have consistently held that sentence calculation by the BOP and the BOP's administration of incentives which reduce the length of a prisoner's term of imprisonment are administrative functions of the BOP subject to § 3584(c). See, e.g., Mills v. Quintana, 408 F. App'x 533, 535 n. 3 (3d Cir. 2010) ("The BOP is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, and it has developed detailed procedures for determining the credit available to prisoners."); Vitrano v. Marberry, No. 06-CV-310, 2008 WL 471642 (W.D. Pa. Feb. 19, 2008) (providing that the BOP is responsible for implementing statutes concerning the computation of federal sentences); see also Lopez v. Davis, 531 U.S. 230, 242 (2001) (the BOP is "the agency empowered to administer the early release program"); Peyton v. Rowe, 391 U.S. 54, 67 (1968) (holding that a prisoner incarcerated on multiple sentences is, for purposes of determining whether he has standing to seek habeas relief, in custody on all sentences).